IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-20588
Summary Calendar

LEROY EVANS, JR.,

                    Plaintiff-Appellant,

v.

WILLIAM K. SUTER,

                    Defendant-Appellee.

Appeal from the United States District Court from the
Southern District of Texas, Houston Division
Civil Action No. 4:07-CV-1557

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Evans filed this action against Suter, the Clerk of the Supreme Court,
after the Supreme Court denied certiorari and denied a petition for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rehearing of that denial. Evans's main complaint seems to be Suter's failure to file one or more additional petitions for rehearing.

Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process. Mullis v. United States Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980). Upon review of the record, we are satisfied that Appellee was performing appropriate official functions integral to the judicial process. As such, Appellee is entitled to quasi-judicial immunity against the action brought by Appellant. Essentially for the reasons stated in the district court's June 29, 2007 Memorandum and Opinion we affirm the judgment of the district court.

AFFIRMED.